UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADAM MICHAEL MILLER,

    Plaintiff,

        v.                         CAUSE NO. 3:21-CV-680-JD-MGG

MICHIANA COMMUNITY
CORRECTIONS,

    Defendant.

OPINION AND ORDER

Adam Michael Miller, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Miller alleges that from March 2020 through October 2020, his case worker took advantage of him sexually while he was under the supervision of Michiana Community Corrections. ECF 1 at 2. He claims his case worker used her influence and authority to have sex with him and led him to believe they were in a relationship. *Id*. Miller states there were multiple witnesses who knew about the

relationship as well as screen shot photos of their correspondence. *Id*. After his case worker was fired for reasons unrelated to their relationship, he told his new caseworker and the assistant director of operations at Michiana Community Corrections about the relationship. *Id*. His new case worker told him to forget about what had happened. *Id*. Miller asserts that there was nothing done to ascertain what his emotional state was when he was in the relationship with his former case worker and his judge was never consulted about the situation. *Id*.

"In order to state a claim under [42 U.S.C. § 1983] a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). While Miller complains that his former case worker took advantage of him when they had a sexual relationship, he has not identified any specific federal constitutional right that was violated. Nor do his allegations call to mind the violation of any such right. *Rotchford v. Davies*, No. 19-CV-05154-RBL-JRC, 2019 WL 1873953, at *3 (W.D. Wash. April 25, 2019) ("[N]umerous district courts have held that a consensual sexual relationship between a prisoner and a correctional officer does not violate the Eighth Amendment.") (collecting cases).

Furthermore, Miller has sued Michiana Community Corrections.[1] A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658

---

[1] Michiana Community Corrections is a private company that offers alternative sentencing to adult offenders. *See* https://www.michianacommunitycorrections.com (last visited December 2, 2021).

(1978). But a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* Here, Miller has not identified any specific policy or practice maintained by Michiana Community Corrections that resulted in the violation of his constitutional rights. Therefore, he may not proceed against Michiana Community Corrections.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED on December 2, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT